■ In the Matter of the Accounting of MERTON E. PLACE et al., as Executors of HENRY DECKER, Deceased, Respondents. KAY KILLMEIER et al., Appellants; MAE P. GREEN, Respondent.— This is an appeal from a decree of the Surrogate's Court, Otsego County, which decided that Gertrude (Potter) Decker was the surviving spouse of Henry Decker and that the petitioner-respondent was entitled to claim a right of election, pursuant to section 18 of the Decedent Estate Law. The record shows that on April 17, 1909, Gertrude Potter married George R. Smith at Cooperstown, New York, the parties apparently living together a very short time. In 1911, the said Gertrude Potter moved to the residence of Henry Decker and continued to live there until October of 1927; the testimony being that they occupied the same room and that during most of the time she was known as Gertrude Decker. When she left the residence in 1927, she moved to Cooperstown and on the 3d of April, 1928, an order was entered annulling her marriage to George R. Smith pursuant to the provisions of section 7-a of the Domestic Relations Law. Sometime thereafter but during the same year she returned to again take up her residence with Decker after it was understood they would be married. There was no evidence of a ceremonial marriage. They continued to live at the residence, occupying the same bedroom, she being known as Gertrude Decker or " Aunt Gert " until 1949 when she was admitted to the Binghamton State Hospital as an alleged mentally ill person, based upon the petition of Henry Decker in which he stated that he was the husband of said Gertrude Decker. She remained at said institution until her death on the 20th of May, 1954. The record further reveals that the said Henry Decker made his last will and testament, dated the 27th of February, 1952, in which he stated that he made no provisions therein for his wife, Gertrude Decker, as he had already made other provisions for her care during her lifetime. Henry Decker died on February 11, 1953 and the will heretofore mentioned was admitted to probate on July 21, 1953. The opinion of the Surrogate sets forth the facts in full detail. There was an impediment as to Gertrude Potter entering into any marriage with Henry Decker prior to the order dissolving her marriage to Smith in April, 1928. Decker himself had never been married. It was possible for the parties to have effected a common-law marriage when they returned together in 1928 and continued to live together thereafter. Appellants contend that respondents herein did not meet the burden of proof required under such circumstances. It is their

contention, among others, that in 1934 both parties testified in court, where Henry Decker was being sued, that Gertrude Decker worked for him. We are satisfied that the lower court in a well-reasoned opinion made a proper finding. While it is true as to the testimony in the court proceedings in 1934, there was substantial testimony to show that prior thereto and continuously thereafter, various acts on the part of both parties justified the finding that a common-law marriage existed between them. Various witnesses testified that Gertrude was commonly known in the locale in which they resided as Gertrude Decker; that people assumed that they were married; that she performed all the usual tasks of a housewife; that various documents contained her name as the wife of Decker; that at the time she was committed to a mental institution, in his petition he verified she was his wife and he was responsible for and paid the various bills incident thereto and more convincing and conclusive than any other proof was the declaration in his will (Feb. 27, 1952) that she was his wife. This was several years after Gertrude had been declared incompetent. The case in many respects has similarity to the leading case of *Dodge* v. *Campbell* (135 Misc. 644, affd. in this court, 229 App. Div. 534 and in 255 N. Y. 622). The court stated at page 651: " Any mutual agreement between a man and a woman to be husband and wife *in praesenti*, followed by cohabitation, constitutes a valid and binding marriage. An actual marriage may be presumed from matrimonial cohabitation and acknowledgments of the parties. A mere formal contract is not the essential thing. Marriage is a status which may be established by the words, actions and lives of the parties, evidencing their understanding and intent. The general definition of matrimonial cohabitation is the living together of man and woman ostensibly as husband and wife. (*Pollock* v. *Pollock,* 71 N. Y. 137.) With reference to the requirements of proof from which a common-law marriage may be inferred, Judge RUMSEY, in *Matter of Brush* (25 App. Div. 610), said: ' That agreement, if it is not proven in express terms by competent evidence, may be established by the fact of cohabitation and reputation among their friends and neighbors, and of recognition of each other as holding that relation. (*Gall* v. *Gall,* 114 N. Y. 109; *Hynes* v. *McDermott,* 10 Daly, 423; affd., 91 N. Y. 451.) ' " The record, as a whole, is convincing of the intent of these two deceased persons and the decree is affirmed, with costs payable from the estate. Foster, P. J., Bergan, Gibson and Herlihy, JJ., concur.